UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY LAWSON, *et al.*, ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: v |
| ) | |
| ) | |
| JANSSEN PHARMACEUTICALS, INC., *et al.*, ) | |
| . ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' SECOND MOTION TO REMAND**

COME NOW Plaintiffs Pursuant to 28 U.S.C. §1447(c) and move the Court to remand this action to the Circuit Court for the Twenty-Second Judicial Circuit, St. Louis City, Missouri, for lack of subject matter jurisdiction. In support, Plaintiffs states as follows:

1. Plaintiffs first commenced this action in the Circuit Court of St. Louis City, Missouri, on February 28, 2017 (Cause No. 1722-CC00650). Plaintiffs seek recovery for personal injuries sustained as a result of Defendants' drug products Risperdal and/or Invega (First Amended Petition "Petition," ¶ 1).[1] Plaintiffs' claims arise from state law theories of liability, with causes of action for negligence, fraud, failure to warn, strict product liability, negligent misrepresentation, breach of express warranty, breach of implied warranty, violation of the Missouri Merchandising Practices Act, conspiracy, and for medical expenses incurred by parent (Petition, ¶¶ 188-253).

2. On July 19, 2017, Defendants Janssen Pharmaceuticals, Inc.; Johnson & Johnson Company; and Janssen Research and Development, LLC, and Patriot Pharmaceuticals, L.L.C.

---

[1] Risperdal, in any and all of its formulations, will be referred to as "Risperdal."

("Defendants") removed this action to this Court, for the second time, on the basis of diversity jurisdiction under 28 U.S.C. § 1332 (Doc. 7).

3. Defendants file their second attempt at removal almost three months after their arguments were first rejected by this Court, resulting in remand of this action for lack of subject matter jurisdiction. *See Lawson v. Janssen Pharms., Inc.,* No. 4:17-cv-01300-JCH, Doc. 24 (E.D. Mo. May 3, 2017) (Hamilton, J.).

4. Defendants rely on the Supreme Court's recent decision *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty*., No. 16-466, --- S. Ct. ---, 2017 WL 2621322 (U.S. June 19, 2017) ("*BMS*"), as support for their untimely filing. Defendants argue *BMS* constitutes an "order" or "other paper" that triggers a new 30-day removal period under 28 U.S.C. § 1446(b)(3).

5. Defendants fail to inform the Court that the day before their second removal, District Judge Limbaugh rejected the Defendants arguments in similarly postured talcum powder product liability actions, finding *BMS* did not provide an avenue for a second removal attempt. *See Swann v. Johnson & Johnson,* Case No. 4:17-cv-1845 SNLJ, 2017 WL 3034711, *2 (E.D. Mo. July 18, 2017) (Limbaugh, J.); *Ingham v. Johnson & Johnson,* Case No. 4:17-cv-1857 SNLJ, 2017 WL 3034696 (E.D. Mo. July 18, 2017) (Limbaugh, J.); *Reppell v. Johnson & Johnson,* Case No. 4:17-cv-1858 SNLJ, 2017 WL 3034707 (E.D. Mo. July 18, 2017) (Limbaugh, J.); and *Livaudais v. Johnson & Johnson,* Case No. 4:17-cv-1851 SNLJ, 2017 WL 3034701 (E.D. Mo. July 18, 2017) (Limbaugh, J.).

6. *BMS* does not constitute an "order or other paper" under Section 1446(b)(3) that would allow Defendants a second attempt at removal. Thus, the Removing Defendants' second removal is procedurally improper.

7. Even if Defendants' Second Notice of Removal was timely – it is not – Defendants have waived any right to remove by seeking affirmative relief on the merits in state court.

8. Additionally, remand is required as there is not complete diversity among the parties. Defendants admit that complete diversity does not exists on the face of the Petition (Doc. 7, ¶ 4). As Defendants are citizens of Pennsylvania and New Jersey, they share citizenship with Plaintiffs Senn and Terrell of New Jersey, and Plaintiffs Negron, Hall, Gwinn, and Bauder of Pennsylvania. (*See* Doc. 7)

9. Defendants' "misjoinder" arguments has already been rejected by this Court and by other Courts within this District time and again and do not apply in this instance. Plaintiffs' claims arise from the Defendants' tortious misconduct in designing, developing, marketing, and distributing Risperdal and/or Invega, which relates to all Plaintiffs' claims herein and makes up a common universe of facts. The joinder of Plaintiffs' claims is wholly consistent with the rule in this Circuit as to proper joinder of claims, as explained in the annexed Memorandum of Law.

10. For the reasons more fully discussed in Plaintiffs' annexed Memorandum of Law, Defendants' removal is improper, there is no diversity jurisdiction, and this case should therefore be remanded.

WHEREFORE, respectfully request that this Court issue an order remanding this case to the circuit court of the city of St. Louis, State of Missouri, and move for any further orders that this Court deems just and proper.

Dated: August 2, 2017

Respectfully submitted,

/s/ D. Todd Mathews
D. Todd Mathews, MO Bar #52502
Gori Julian & Associates, P.C.
156 N. Main Street

          Edwardsville, IL 62025
          (618) 659-9833 – Telephone
          (618) 659-9834 – Facsimile

          Jason Itkin
          Arnold & Itkin LLP
          6009 Memorial Drive
          Houston, TX 77007
          TEL: (713) 222-3800
          FAX: (713) 222-3820
          jitkin@ArnoldItkin.com
          *Pro Hac Vice to be Filed*

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on August 2, 2017, a copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all counsel of record.

          /s/ D. Todd Mathews  
          D. Todd Mathews